NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRIPLE T CONSTRUCTION, L.L.C.; SCOTT RIDINGS; ORGANIC WASTE SOLUTIONS LLC; and ORGANIC WASTE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF WEST MILFORD; TOWNSHIP OF WEST MILFORD PLANNING BOARD; NANCY GAGE; VINCENT LUPO; and J. DOES 1-12,<br><br>Defendants. | Civil Action No. 14-2522 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendants Township of West Milford, Township of West Milford Planning Board, Nancy Gage, and Vincent Lupo ("Defendants")'s motion for partial dismissal of Plaintiffs Scott Ridings, Triple T Construction, L.L.C. ("Triple T"), Organic Waste Solutions, L.L.C. ("OWS"), and Organic Waste Systems, L.L.C. ("OWSY") (collectively "Plaintiffs")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket #3.) This Court has considered the submissions made in support of and in opposition to Defendants' motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion for partial dismissal is granted in part and denied in part.

1

I.  **BACKGROUND**[1]

As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding Defendants' motion.

Plaintiff Scott Ridings is the owner of Plaintiffs Triple T Construction, L.L.C., Organic Waste Solutions, L.L.C., and Organic Waste Systems, L.L.C. (Compl. at 1-2.) OWS and OWSY operate a mulching and vegetative waste business. (*Id.* at 2.) Triple T owns property in West Milford, New Jersey known by the parties as Lot 29. (*Id.* at 3.) Defendant Township of West Milford ("the Township") owns property adjacent to Triple T's property, known as Lot 28. (*Id.*)

For more than twenty years, outside contractors used the back part of Lot 29 for mulching and processing vegetative waste that was dropped off by both the Township's residents and non-residents alike. (*Id.* at 4.) After Triple T purchased Lot 29 in March 2009, the Township arranged for Plaintiffs to continue processing the vegetative waste that was brought to that property. (*Id.*) The Township leased 3.53 acres of property from Triple T at a rental rate of $4,500 per month. (*Id.*) The Township then subleased the same property to OWS for the purpose of converting the Township's residents' vegetative waste into mulch. (*Id.* at 5.) OWS did not charge residents for the service. (*Id.*) Instead, OWS made its revenue exclusively by selling higher quality mulch to their customers made from the vegetative debris they received from non-residents. (*Id.*)

Both the lease between Triple T and the Township and the sublease between the Township and OWS expired on September 30, 2012. (*Id.*) During negotiations for a new lease between Triple T and the Township, Triple T informed the Township that it wanted to increase the rental rate to $7,500 because the original monthly rate did not cover its expenses. (*Id.* at 6.)

---

[1] Plaintiffs numbered the paragraphs in the Complaint by restarting the paragraph numbering with every new section and Count, which makes it difficult for the Court to reference the Complaint in its Opinion. Consequently, citations to the Complaint herein will reference page numbers instead of paragraph numbers.

However, on October 28, 2012, before the parties could agree on a new lease, Hurricane Sandy struck the region, producing a large amount of vegetative waste. (*Id.*)

Plaintiffs told "Defendant(s)" that the debris processed in the aftermath of the hurricane had to be paid for separately because "the cost of processing such a volume was very high[.]" (*Id.*) The Township, through its administrator, Nancy Gage, and its attorney, "acknowledged that the Township would be required to pay for the storm debris..." and that "this was only fair." (*Id.*)

Though negotiations carried on unsuccessfully, "Defendant(s)" continued to use Lot 29 as if a lease still existed. (*Id.* at 7-8.) The Township entered Triple T's property by opening locked gates and deposited 80,000 cubic yards of Sandy debris into Lot 29 without Plaintiffs' consent. (*Id.* at 6-7.) "Defendant(s)" also continued to "direct residents and contractors to dispose of their vegetative waste on Plaintiff(s)' property" even though Plaintiffs informed "Defendant(s)" that Plaintiffs were receiving 500 carloads of debris caused by the hurricane a day. (*Id.* at 7-8.) There was so much debris being delivered to Lot 29, that "large piles" accumulated, causing a fire. (*Id.* at 8-9.)

The Township demanded that Plaintiffs continue to accept and process the debris caused by the hurricane free of charge. (*Id.* at 29.) In order to force Plaintiffs to accept this, "Defendants claimed to have the power to revoke the 'permit' under which Triple T and Plaintiff(s) operated the entirety of their business...." (*Id.* at 8.) Eventually, the Department of Environmental Protection ("DEP") informed "Plaintiff(s) that... the volume of Superstorm Sandy materials on site had to be processed immediately and that no additional materials could be delivered to the site until the Superstorm Sandy materials were processed." (*Id.* at 9.)

As a consequence of DEP's restriction, Plaintiffs posted signage to alert residents not to drop off any additional debris and had the Township alert residents not to drop off debris. (*Id.*) However, residents continued to dispose of debris on Lot 29. (*Id.*) While ensuring that no new vegetative debris was deposited on Triple T's property in accordance with DEP's restriction, the Township allegedly blocked customers from entering Plaintiffs' business and sent false information to the DEP indicating vehicles were dropping off new materials, when in fact the visitors in question were only purchasing materials. (*Id.* at 10.)

Moreover, Plaintiff Scott Ridings claims that he was illegally arrested after Defendants issued an unspecified false citation against him. (*Id.* at 20.) He also alleges that "Defendant(s)'" actions caused him mental, emotional, and physical harm. (*Id.* at 26.)

Plaintiffs originally filed suit in the Superior Court of New Jersey, Passaic County, Law Division on March 21, 2014. (Docket #1.) Defendants then removed Plaintiffs' action to this Court on April 18, 2014. (Docket #1.) Plaintiffs' Complaint contains twenty counts. (Docket #1-1.) Though it is not clear to this Court what many of the Counts allege, it appears that Plaintiffs' theories of recovery include breach of contract, unjust enrichment, fraud, defamation, extortion, malicious prosecution, and mental and physical harm. Though there are multiple Plaintiffs and Defendants, Plaintiffs allege most counts of the Complaint generally against all Defendants, without specifying which Defendants did what.[2]

---

[2] Plaintiffs assert many Counts that fail to articulate the specific legal theory upon which Plaintiffs seek relief. Consequently, this Court construed the Complaint to assert the following claims: Counts One, Two, Four, and Six allege claims of breach of contract; Counts Three and Five allege claims unjust enrichment; Count Seven alleges fraud; Counts Eight, Fourteen, and Nineteen allege defamation; Count Eleven alleges libel; Count Twelve alleges extortion; Counts Thirteen and Fifteen allege claims of malicious prosecution; Count Sixteen alleges that Defendants negotiated with Plaintiffs in bad faith; and, Count Twenty alleges that Plaintiff Scott Ridings suffered vague mental and physical damage. Counts Seventeen and Eighteen do not allude to a theory of recovery.

Defendants filed a motion for partial dismissal of Plaintiffs' Complaint on May 6, 2014. (Docket #3.) Defendants have moved to dismiss Counts One through Eight and Counts Eleven to Twenty of the Complaint.

II. **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*. 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud, independent of the standard applicable to a Rule 12(b)(6) motion. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This heightened pleading requirement is designed "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Thus, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story" whenever alleging a claim of fraud. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999). The Third Circuit has further noted that "[a]lthough Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 576 (D.N.J. 2001)).

III. **DISCUSSION**

As a preliminary matter, Plaintiffs assert repetitive and unclear Counts throughout the Complaint. Further, many Counts fail to articulate the cause of action under which Plaintiffs seek to recover. Because most of the Counts do not refer to specific facts, it is hard to determine which claims are asserted against which Defendants in some of those Counts. That being said, this Court has looked at the Complaint as a whole in deciding Defendants' motion to dismiss.

    a. <u>Plaintiffs Fail to Properly State a Claim for Breach of Contract (Counts One, Two, Four, Six, and Sixteen)</u>.

Counts One, Two, Four, Six, and Sixteen of Plaintiffs' Complaint seem to arise out of a contractual dispute between Plaintiffs and Defendants. Though there are several Plaintiffs and Defendants, Plaintiffs allege these Counts generally against all Defendants. Moreover, Plaintiffs fail to identify the legal theories under which they seek recovery. They also fail to set forth facts regarding the contractual obligations Defendants allegedly breached or even the existence of a valid contract after the expiration of the lease and sublease.

Counts One, Two, Four, and Six fail to state the cause of action that Plaintiffs are asserting against Defendants. Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 545 (quoting *Conley,* 355 U.S. at 47). Contractual disputes include breach of an express contract, breach of an implied contract, and other quasi-contract theories of recovery. Because Plaintiffs fail to identify the theories of recovery and do not specify which Defendants committed the alleged acts that give rise to these claims, it is impossible for Defendants to have notice of the claims asserted against them.

Even assuming that Plaintiffs attempted to assert claims for breach of contract, they fail to plead sufficient facts to properly state such a claim. The elements of a breach of contract claim under New Jersey law are: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Assoc. Local Union No. 27 v. E.P. Donnelly, Inc.,* 737 F.3d 879, 900 (3d Cir.2013). Though Counts One and Four allege that Plaintiffs are entitled to monies owed from a "book account," they have failed to set forth what specific contractual obligations Defendants breached. (Compl. at 12.) At the same

7

time, the Complaint fails to allege any facts supporting the plausible inference that a contract existed between the parties that could have been breached after the expiration of the lease and the sublease.

Because Counts One, Two, Four, and Six fail to comply with the pleading standards of Rule 8(a), they are dismissed without prejudice.

As to Count Sixteen, Plaintiffs also fail to sufficiently set forth the facts to state a viable claim. The allegation asserted in this Count arises out of the parties' negotiation to renew the expired contracts. Plaintiffs allege that "Defendant(s) must be held liable for their bad faith in dealing with Plaintiff(s)" by undertaking "negotiations with no intention of renewing the contract." (*Id.* at 23.) Again, it is unclear to this Court what cause of action Plaintiffs are alleging. As far as this Court can tell, there is no free-standing cause of action for failing to negotiate in good faith unless there was an agreement to do so. *Wexco Indus. v. ADM21 Co., Ltd.*, No. 04-5244, 2008 WL 5427867, at *10 (D.N.J. Dec. 30, 2008) (Linares, J.) ("[T]here is no independent cause of action for a failure to negotiate in good faith. 'The duty of good faith is ... not imposed on parties until they have reached agreement and does not bind them during their earlier negotiations.'" (quoting E. Allen Farnsworth, 2 Farnsworth on Contracts § 7.17 (2d ed. 2001)). Plaintiffs have failed to allege any facts that support the plausible inference that the parties had a duty to negotiate in good faith. Thus, Count Sixteen is dismissed without prejudice.

    b. <u>Plaintiffs Plead Sufficient Facts to Support a Claim of Unjust Enrichment Against the Township, but Not Against the Township's Planning Board, Nancy Gage, or Vincent Lupo (Counts Three and Five).</u>

Count Three of Plaintiffs' Complaint alleges a claim of unjust enrichment against all Defendants. "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust[.]" *VRG Corp.*

*v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)). Moreover, Plaintiffs must allege that they "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.* Plaintiffs fail to set forth facts satisfying the elements of an unjust enrichment claim as to the Township's Planning Board, Nancy Gage, and Vincent Lupo. Accordingly, Plaintiffs' unjust enrichment claim is dismissed as to these Defendants without prejudice.

As to the Township, it is apparent to this Court that Plaintiffs allege sufficient facts to state a viable unjust enrichment claim. Though Defendants argue that "Count Three alleges unpaid rent and services[,]" it is clear that Plaintiffs have alleged sufficient facts to raise their right to relief under this cause of action above the speculative level.

According to Plaintiffs, a month after the expiration of lease between Triple T and the Township, and the sublease between the Township and Organic Waste Solutions, Hurricane Sandy struck the region, causing a large amount of vegetative debris that required mulching. (Compl. at 6.) Plaintiffs allege that Defendants continued to "operate on the formerly leased property as if they had a lease and a sublease and continued to direct residents and contractors to dispose of their vegetative waste" on Plaintiffs' property. (*Id.* at 7-8.) They also claim that they requested a monthly rental payment of $7,500 for the Township's use of Lot 29. (*Id.* at 6.) Defendants allegedly received the benefit of using the property, but they did not pay any rent. (*Id.* at 12-13.) Plaintiffs expected payment at that time. (*Id.* at 6.) Assuming Plaintiffs' allegations are true, it would be unfair to allow Defendants to retain that benefit without payment.

In addition, Plaintiffs sufficiently plead facts supporting the plausible inference that the Township received the benefit of having the vegetative debris caused by Hurricane Sandy

9

to be processed by Plaintiffs without paying for that service. The Complaint alleges that Plaintiffs notified Defendants that processing the debris from Hurricane Sandy would have to be paid separately because "the cost of processing such volume was very high[.]" (Compl. at 6.) Plaintiffs allege that the Township, through its administrator, Nancy Gage, and its attorney, "acknowledged that the Township would be required to pay for the storm debris resulting from Super Storm Sandy in addition to the normal monthly amounts of debris generated by the Township[.]" (*Id.*) Moreover, Plaintiffs claim that Defendants "caused tens of thousands of cubic yards of storm debris to be left on Plaintiff(s)' property…" and that Plaintiffs processed that amount. (*Id.* at 7.) Again, assuming Plaintiffs' allegations are true, it would be unfair to allow Defendants to retain that benefit without payment. Thus, these facts are sufficient to support the inference that Plaintiffs are entitled to recover for unjust enrichment.

Defendants argue that the New Jersey Public Utility Law shields them from any liability arising out of all of Plaintiffs' contract claims. (Defendants' Brief in Support of Motion for Partial Dismissal of Plaintiffs' Complaint, 14.) Specifically, Defendants maintain that they can only be liable if the Township had ratified an implied contract between one of its agents and Plaintiffs. (*Id.* at 14) (citing *Giardini v. Mayor, etc., of Town of Dover*, 101 N.J.L. 444 (Sup. Ct. 1925)). However, while Defendants argue that the Public Utility Law shields them from liability for breach of contract claims, they do not explain how the Public Utility Law shields them from quasi-contract claims such as unjust enrichment.

This Court is not satisfied at this time that the Public Utility Law shields Defendants from liability of unjust enrichment claims. As such, Plaintiffs have sufficiently pleaded facts supporting the plausible inference that Defendant Township of West Milford received the benefit of using Triple T's property without paying rent even though Triple T expected rent payments

for that use. They have also set forth facts supporting the inference that the Township received the benefit of Plaintiffs' mulching and waste processing services without payment even though Plaintiffs expected payment for these services. Finally, Plaintiffs sufficiently plead facts alleging that retention of these benefits without payment would be unjust. For these reasons, this Court denies Defendants' motion to dismiss Count Three of Plaintiffs' Complaint as it pertains to Defendant Township of West Milford. The Court nevertheless grants Defendants' motion insofar as it seeks dismissal of Count Three as to the Township's Planning Board, Nancy Gage, and Vincent Lupo without prejudice. Furthermore, this Court dismisses Count Five as to all Defendants with prejudice because it alleges the exact same claims against the same Defendants arising out of the same facts as Count Three.

    c. <u>Plaintiffs Fail to Plead Their Allegations of Fraud with Particularity as Required by Federal Rule of Civil Procedure 9(b) (Count Seven).</u>

Count Seven asserts a vague allegation of fraud against Defendants. "To successfully maintain a common law fraud claim in New Jersey, a plaintiff must demonstrate (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the plaintiff rely on the misrepresentation; (4) reasonable reliance thereon; and (5) resulting damages." *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding Inc.*, 408 F. App'x 566, 575 (3d Cir. 2010) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)). Claims of common law fraud are held to the higher pleading standard of Rule 9(b). Fed. R. Civ .P. 9(b). However, Plaintiffs' fraud claim is not pleaded with particularity. Instead, Plaintiffs make conclusory statements that largely fail to address the elements of their purported claims. In fact, Plaintiffs fail to even point out any material misrepresentation made by Defendants that they relied on. As such, Count Seven is dismissed without prejudice.

11

### d. Plaintiffs Fail to State a Claim for Defamation and Libel[3] (Counts Eight, Eleven, Fourteen, and Nineteen).

This Court construes Counts Eight, Fourteen, and Nineteen as asserting claims of defamation. Further, the Court construes Count Eleven as asserting a claim of libel. These claims cannot proceed as a matter of law because Defendants are entitled to discretionary immunity under the New Jersey Tort Claims Act ("TCA").[4]

The TCA immunizes all public entities and employees from tort liability unless liability is expressly allowed. N.J.S.A. 59:2-1(a); *Blevis v. Lyndhurst Bd. of Educ.*, No. 06-4857, 2009 WL 3128402, at *12 (D.N.J. Sept. 28, 2009) (Linares, J.)(citing N.J.S.A. 59:2-1(a)). Particularly, the TCA states that "a public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him." N.J.S.A. 59:3-2. However, immunity is not extended "if it is established that [a public employee]'s conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice, or willful misconduct." *Id.* at 59:3-14(a).

Though Plaintiffs state in their response brief that Defendants' actions were outside the scope of employment, Plaintiffs neither explain why that is, nor do they allege facts in the Complaint suggesting that those actions were outside the scope of employment. Plaintiffs accuse Defendants of acting like "thugs" and attempting to seize Plaintiffs property "without giving appropriate and just compensation." (Plaintiffs' Br., 10-11.) However, Plaintiffs do not give any reason why the statements made by Defendants were outside the scope of employment.

---

[3] The Court notes that it is not apparent what specific claims are asserted in Counts Eight and Fourteen. In their brief, Defendants construe these Counts as asserting claims for defamation. Plaintiffs did not take issue with Defendants' interpretation of these Counts. Therefore, for the purpose of deciding this motion to dismiss, the Court construes Counts Eight and Fourteen as asserting claims of defamation.

[4] Even if Plaintiffs had given an appropriate explanation for why Defendants' actions were outside the scope of employment in their response brief, Plaintiffs cannot amend their Complaint through a responsive brief. *Swift v. Pandey*, No. 13-649, 2013 WL 6022093, at *2 (D.N.J. Nov. 13, 2013) (Linares, J.)(citing *Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988)).

The allegedly defamatory and libelous statements alluded to in the Complaint all arise out of Defendants' official communications with the Department of Environmental Protection and the execution of their duties during the debris disposal process after Hurricane Sandy. (Compl. at 10-11.) Without facts pointing to the contrary, Counts Eight, Eleven, Fourteen, and Nineteen cannot proceed. Based on the facts alleged, these Counts are dismissed without prejudice.[5]

e. <u>Count Twelve is Dismissed with Prejudice Because There is No Civil Cause of Action for Extortion.</u>

Count Twelve of Plaintiffs' Complaint alleges that Plaintiffs are entitled to recovery because "Defendant(s) actions ... constitute extortion... for which Defendant(s) must be held responsible." (*Id.* at 19.) Plaintiffs claim fails, however, because there is no civil cause of action for extortion. *See, e.g., Rader v. ING Groep NV*, 497 F. App'x 171, 175 (3d Cir. 2012) ("We also agree with the District Court that Rader has not stated a cognizable claim for attempted blackmail or extortion. The District Court correctly concluded that these causes of action are criminal, rather than civil[.]"). As such, Count Twelve is dismissed with prejudice.

f. <u>Plaintiffs Fail to State a Claim for Malicious Prosecution (Counts Thirteen and Fifteen).</u>

Count Thirteen alleges that Defendants violated Plaintiffs' "state and federal civil rights" because Defendants issued "false citations against Plaintiff(s) which resulted in an illegal arrest of Mr. Ridings." (Compl. at 20.) Count Fifteen alleges similar misconduct.[6] (*Id.* at 22.) According to Plaintiffs, the allegations in these Counts "are akin to a malicious prosecution." (Plaintiffs' Br., 14.) However, Plaintiffs fail to plead sufficient facts to state a viable malicious prosecution claim.

---

[5] Even if the TCA did not shield Defendants from liability, Plaintiffs' claims of defamation and libel would still be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) because Plaintiffs fail to allege sufficient facts to support the plausible inference that they are entitled to recovery under these theories.

[6] Though Count Fifteen asserts that Defendants violated Plaintiffs' First, Fourth, and Fifth Amendment rights under the Constitution of the United States, Plaintiffs construe this claim as one of malicious prosecution in their brief. Still, Plaintiffs do not allege facts supporting violations of any of their constitutional rights.

13

To prevail on a claim for malicious prosecution under §1983,[7] a plaintiff must establish the following elements:

> (1) [T]he defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously and for a purpose other than bringing ... plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti,* 564 F.3d 181, 186 (3d Cir. 2009)). Here, Plaintiffs fall well short of alleging sufficient facts to support this cause of action.

The only fact that is asserted in support of these claims is that Defendant Scott Ridings was illegally arrested after Defendants allegedly issued a false citation against him. Not only is this statement conclusory, but it also fails to address the other elements of a cause of action for malicious prosecution. Plaintiffs do not point to facts that would support the inference that Defendants' actions were motivated by malice, that the criminal action lacked probable cause, or even that the criminal action was terminated favorably to Plaintiff. As such, Counts Thirteen and Fifteen are dismissed without prejudice.

### g. Counts Seventeen, Eighteen, and Twenty Fail to State Claims for Which Plaintiffs are Entitled to Relief.

Counts Seventeen, Eighteen, and Twenty of the Complaint fail to identify any legal claims at all.

Count Seventeen alleges that "Defendant(s) full scale aggression against Plaintiff(s)' use of the property has devalued the value of the land to prospective purchasers." (Compl. at 25.) However, the claim does not allege any damages. Moreover, the Count does not identify the

---

[7] Plaintiffs do not specify whether their malicious prosecutions claims are brought under federal or state law. Though they cite to 42 U.S.C. §1983 and allude to "a 1983 malicious prosecution claim," (Plaintiffs' Br., 14), Plaintiffs state the elements of such a claim "under New Jersey law" and cite to a case that interprets the elements under Pennsylvania law. (*Id.*) Because Plaintiffs allude to a 1983 claim, this Court construes Counts Thirteen and Fifteen as bringing a cause of action under federal law.

theory of recovery.

Similarly, in Count Eighteen, Plaintiffs allege that Defendants "deliberately rigg[ed] the tub grinding bid on two separate occasions for the sole purpose of preventing Plaintiff(s) from having the low bid and being awarded the work." (*Id.* at 25-26.) Yet, there is no allusion to what state or federal laws Defendants violated in doing so.

Finally, Count Twenty alleges that "Defendant(s) must be held liable for the mental, emotional [sic] and physical injuries inflicted upon and suffered by plaintiff ... that have resulted from the cumulative impact of struggling against Defendants on every front for so long[.]" (*Id.* at 26.) Again, Plaintiffs neither allude to facts in support of this nor identify their legal theory for recovery. Mental, emotional, or physical injuries can give rise to many different kinds of causes of actions. It is not this Court's job to guess the legal theory under which Plaintiffs seek recovery.

As such, Counts Seventeen, Eighteen, and Twenty are dismissed without prejudice.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion for partial dismissal (Docket #3.) is granted in part and denied in part. Counts One, Two, Four, Six, Seven, Eight, Eleven, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, and Twenty are dismissed *without* prejudice. Count Three is dismissed without prejudice as to Defendants Township of West Milford Planning Board, Nancy Gage, and Vincent Lupo. Counts Five and Twelve are dismissed *with* prejudice. Defendants' motion to dismiss Count Three as to the Township of West Milford is denied. Plaintiffs may file an Amended Complaint within thirty days from the date of entry of the Order accompanying this Opinion. Plaintiffs' failure to file an Amended Complaint will result in summary dismissal of Plaintiff's remaining claims *with prejudice.*

An appropriate Order accompanies this Opinion.

                                                          /s/ Jose L. Linares
                                                          Jose L. Linares
                                                          United States District Judge

Dated: June 11, 2014